UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

IVON GARCIA,  
JAIME SANTILLAN,  
ARMANDO GARCIA MEDINA  

Case No.: 3:10-cv-01817-O

Plaintiff, and all others similarly situated under
29 U.S.C. 216(B),

    vs.

THE CUPCAKE FACTORY, INC.  
JONATHAN SORRELLS

Defendants.
_____/

## AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216
## OVERTIME AND MINIMUM WAGE VIOLATION

COMES NOW Plaintiffs, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dallas County, Texas at the time that this dispute arose.

3. The Defendant THE CUPCAKE FACTORY, INC., is a corporation that regularly transacts business within Dallas County. Upon information and belief, the Defendant Corporation was the FLSA employer for the Plaintiffs' respective period of employment ("the relevant time period"). The individual Defendant SORRELLS is a corporate officer and/or owner of the Defendant Corporation who runs the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dallas County.

**FEDERAL STATUTORY VIOLATION**
**(OVERTIME AND MINIMUM WAGE VIOLATION)**

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who has not been paid overtime and minimum wages for worked performed in excess of 40 hours weekly from the filing of this complaint back three years.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states "… [e]very employer shall pay to each of his employees ….: (1) except as otherwise provided in this section, not less than - (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day. From 1997 through July 23, 2007, the Federal Minimum Wage was $5.15 an hour. On July 24, 2007 the Federal Minimum Wage was increased for $5.85 an hour. On July 24, 2008 the Federal Minimum Wage was increased to $6.55 an hour. On July 24, 2009 the Federal Minimum Wage was increased to $7.25 an hour.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. The Plaintiffs worked as bakers for the Defendants regularly for the Plaintiffs' period of employment. Plaintiff I-GARCIA began working for the Defendants from on or about May 25, 2010 through on or about August 23, 2010. Plaintiff SANTILLAN began working for the Defendants from on or about February 1, 2010 through on or about July 20, 2010. Plaintiff MEDINA began working for the Defendants from on or about March 28, 2010 through on or about September 6, 2010.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials that Plaintiffs used, handled, or transported on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant. Additionally, upon information and belief, the Defendant Corporations grossed over $500,000 annually for the relevant time period.

11. Plaintiff I-GARCIA was paid an average of $10.00per hour while employed by the Defendants and worked an average of 47 hour per week, but was never paid overtime wages for any hour worked in excess of 40 hours weekly as required by the Fair Labor Standards Act. Additionally, between the period of on or about August 9, 2010 through on or about August 23, 2010, Plaintiff worked 146 hours of which the

Plaintiff was paid <u>no wages</u> whatsoever in violation of the Fair Labor Standards Act.

12. Plaintiff SANTILLAN was paid an average of $10.00 per hour and worked an average of 80 hours per week, but was never paid overtime wages for any hour worked in excess of 40 hours weekly as required by the Fair Labor Standards Act. Additionally, between the period of on or about July 6, 2010 through on or about July 20, 2010, Plaintiff was not paid <u>no wages</u> whatsoever and seeks minimum wages and overtime wages as required by the Fair Labor Standards Act.

13. Plaintiff MEDINA was paid an average of $10.00 per hour and worked an average of 80 hours per week, but was never paid overtime wages for any hour worked in excess of 40 hours weekly as required by the Fair Labor Standards Act. Additionally, between the period of on or about August 6, 2010 through on or about September 6, 2010, Plaintiff was not paid <u>no wages</u> whatsoever and seeks minimum wages and overtime wages as required by the Fair Labor Standards Act.

14. Defendants willfully and intentionally refused to pay Plaintiffs' minimum and overtime wages as required by the law of the United States and/or recklessly failed to investigate whether Plaintiffs' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and minimum wages still owing from Plaintiffs entire employment period with each Defendant or, as much as allowed by

the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**Respectfully submitted,**

**J.H. ZIDELL**
**ATTORNEY FOR PLAINTIFF**
**6310 LBJ Freeway, Suite 112**
**Dallas, Texas 75240**
**Texas Bar No. 24071840**
**zabogado@aol.com**

**_/s J.H. Zidell_**
**J.H. ZIDELL**